UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS MANUEL SEBASTIAN; EVARISTO JOSE QUIRINO; AND YUXING GAO,<br><br>                              Petitioners,<br><br>     v.<br><br>JEREMY CASEY, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-00306-BAS-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS WITH RESPECT TO PETITIONERS JORGE LUIS MANUEL SEBASTIAN AND EVARISTO JOSE QUIRINO; AND**<br><br>**(2) DENYING PETITION WITH RESPECT TO PETITIONER YUXING GAO** |

This habeas petition, filed pursuant to 28 U.S.C. § 2241, claims all three Petitioners were improperly detained by Immigration and Customs Enforcement ("ICE") without bond. (ECF No. 1.) The Petition requests that all three either be released immediately or be granted a bond hearing before an Immigration Judge within seven days. (ECF No. 1.)

The Government responded and acknowledged that Petitioners Sebastian and Quirino are entitled to a bond hearing pursuant to a ruling in the Central District of

- 1 -

California in *Maldonado Bautista v. Noem*, __ F. Supp. 3d __, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). (ECF No. 4.)  However, the Government provides evidence that Petitioner Gao was ordered removed from the United States to China on October 17, 2025, and, therefore, is not entitled to a bond hearing and is not a member of the *Maldonado Bautista* class. (*Id.*)

For the reasons stated below, the Court **GRANTS** the Petition with respect to Petitioners Sebastian and Quirino and **DENIES** the Petition with respect to Petitioner Gao.

## I.      LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioners are in custody and since they are seeking release from custody, they have standing to pursue this Petition.

## II.      STATEMENT OF FACTS

Sebastian. Petitioner Sebastian is a national and citizen of Guatemala who was arrested by ICE outside his home in the United States. (Petition ¶ 13, ECF No. 1.)  He originally entered the United States without inspection and has lived in the United States for over four years. (*Id.* ¶¶ 23, 25.)  He has no criminal record, has applied for asylum, and is pending removal proceedings. (*Id.* ¶¶ 27, 29–30.)  He has not been allowed to post bail and has been informed that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as confirmed in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.* ¶¶ 33–34.)

Quirino. Petitioner Quirino is a national and citizen of Mexico. (Pet. ¶ 14.)  He has lived in the United States for over twenty-eight years. (*Id.* ¶ 26.)  He has no criminal record, has applied for asylum, and is pending removal proceedings. (*Id.* ¶¶ 27, 29–30.)  He, too,

26cv0306

has been denied bail and told he is subject to mandatory detention under § 1225(b)(2). (*Id.* ¶¶ 33–34.)

Gao. Petitioner Gao is a national and citizen of China. (Pet. ¶ 15.) She was apprehended at the Tecate Port of Entry on December 22, 2023, and then released on her own recognizance pending her immigration hearing. (Government's Response, ECF No. 4, Ex. 3.) On July 26, 2025, ICE rearrested her at the home address she provided to them. (*Id.*) Although she claims in the Petition that she has applied for asylum and is pending removal proceedings (Pet. ¶¶ 29–30), the Government provides documentation that on October 17, 2025, an Immigration Judge found her asylum claim had been abandoned, and she has since been ordered removed from the United States to China (Government's Response, Ex. 3).

## III. ANALYSIS

The Central District of California has recently certified a class of which Petitioners Sebastian and Quirino are members and which essentially overruled *Yajure Hurtado*. *Maldonado Bautista*, 2025 WL 3678485. Although Petitioner Gao also claims she is a member of the class certified in *Maldonado Bautista*, that class only applies to individuals who were not apprehended upon arrival and not subject to a final order of removal. *Id.* Because Petitioner Gao was apprehended at the time of arrival into the United States and is now subject to a final order of removal, she is not a member of the class.

This Court agrees with the Central District of California, with respect to Petitioners Sebastian and Quirino, and finds that application of *Yajure Hurtado* violates federal law. Because Petitioner Gao has been ordered removed, the Court finds she is subject to mandatory detention under 8 U.S.C. § 1231.

### A. Jurisdiction

In the past, the Government has argued that 8 U.S.C. §§ 1252(g) and 1252(b)(9) strip this Court of jurisdiction. Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by

26cv0306

the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

The general rule is to "'resolve any ambiguities in a jurisdiction-stripping statute [such as Section 1252(g)] in favor of the narrower interpretation,' and by the 'strong presumption in favor of judicial review.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018)). Thus, the Supreme Court has ruled Section 1252(g) applies only to three discrete actions: commencing proceedings, adjudicating cases, or executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). "Instead of 'sweep[ing] in any claim that can technically be said to arise from the three listed actions,' the provision 'refers to just those three specific actions themselves.'" *Ibarra-Perez*, 154 F.4th at 995 (alteration in original) (quoting *Jennings v. Rodriguez,* 583 U.S. 281, 294 (2018)). "There are of course many other decisions or actions that may be part of the deportation process . . ." that are not one of these three. *See Reno*, 525 U.S. at 482 (listing possibilities). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez*, 154 F.4th at 997.

In this Petition, Petitioners are not contesting the commencement or adjudication of removal proceedings against them, nor are they raising an issue with respect to the execution of removal. Their detention pursuant to 8 U.S.C. § 1225(b)(2) may be during, but is nonetheless independent of, the removal proceedings. Thus, this Court is not stripped of jurisdiction by Section 1252(g).

Section 1252(b)(9) states, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section."

"[C]laims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016). Thus, in *Nielsen v. Preap*, 586 U.S. 392 (2019), the Supreme Court held Section 1252(b)(9)

- 4 -

26cv0306

inapplicable when the petitioners were not asking for review of an order of removal, were not challenging the decision to detain them in the first place or to seek removal, and were not challenging any part of the process by which removability would be determined. *Id.* at 402 (citing *Jennings*, 583 U.S. at 294).

Here, Petitioners do not challenge the Government's authority to remove them from the United States in this Petition. Instead, they challenge their classification under Section 1225(b)(2) instead of Section 1226(a) and the BIA's decision that Immigration Judges lack authority to provide a bond under Section 1225(b)(2). Thus, Section 1252(b)(9) does not provide a jurisdictional bar.

**B.      Applicability of Section 1225(b)(2) Versus Section 1226(a)**

**1.      Petitioners Sebastian and Quirino**

In *Yajure Hurtado*, 29 I. & N. Dec. 216, the BIA ruled that individuals such as Petitioners Sebastian and Quirino are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). However, this Court agrees with the multitude of cases that have concluded that 8 U.S.C. § 1226(a) is the appropriate standard for bond in Petitioners Sebastian's and Quirino's circumstances and that applying Section 1225 "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (citing cases).

"We begin, as always, with the text." *Esquivel-Quintana v. Sessions*, 581 U.S. 385, 391 (2017). Section 1225(b)(2)(A) applies to an applicant "seeking admission" to the United States, whereas Section 1226(a) applies to individuals who have been arrested "on a warrant issued by the Attorney General." 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). "Seeking," as noted by other courts, "means 'asking for' or 'trying to acquire or gain.'" *Lepe*, 801 F. Supp. 3d at 1113 (citing Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/seeking). "And the use of a present participle, 'seeking,' necessarily implies some sort of present-tense action." *Id.* (citation modified).

26cv0306

Respondents point to Section 1225(a)(1), which states, "[a noncitizen] present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." However, if Section 1225 was intended to apply to all applicants for admission, "there would be no need to include the phrase 'seeking admission' in the statute." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 488 (S.D.N.Y. 2025); *accord Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) (reasoning "while a noncitizen arrested in the Midwest might qualify as 'an alien present in the United States who had not been admitted,'" he is not "an 'applicant for admission' who is 'seeking admission'").

Furthermore, Respondents' interpretation ignores the statutory scheme. "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Lepe*, 801 F. Supp. 3d at 1114 (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)). "Section 1225 'authorizes the Government to detain certain aliens *seeking admission* into the country,' whereas section 1226 'authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings.'" *Id.* (quoting *Jennings*, 583 U.S. at 287). This is reinforced by the title of Section 1225: "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." 8 U.S.C. § 1225. "'Inspection' is a process that occurs at the border or other ports of entry." *Lepe*, 801 F. Supp. 3d at 1114 (citing *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1183 (9th Cir. 2021)).

Petitioner Sebastian has been living in the United States for over four years. Petitioner Quirino has been living in the United States for over twenty-eight years. Neither was arrested at the border or a Port of Entry seeking admission to the United States. Hence, Section 1226(a) is the applicable statute for their cases.

To the extent the addition of Section 1225(a) renders the two statutes ambiguous or unclear as to which section applies, the Court turns to principles of statutory construction. *See Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025) ("[E]ven when

26cv0306

a statute is ambiguous or internally contradictory, courts must 'use every tool at their disposal to determine the best reading of the statute.'" (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024))). "[A] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Rodriguez*, 779 F. Supp. 3d at 1258 (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)).

Section 1226 carves out a statutory category of non-citizens who, despite being arrested while already in the country, may not be released because of their criminal or terrorist activities. 8 U.S.C. § 1226(c). If, as Respondents argue, all non-citizens arrested while already in this country are subject to mandatory detention under § 1225, there would be no need to carve out an exception for those who had committed criminal or terrorist activities. *See Rosado v. Figueroa*, No. CV 25-2157-DHX-DLR (CDB), 2025 WL 2337099, at *9 (D. Ariz. Aug. 11, 2025) (reasoning that if Section 1225's "mandatory detention provisions apply to all noncitizens present in the United States who have not been admitted, it would render superfluous provisions of § 1226 that apply to certain categories of inadmissible noncitizens"); *Rodriguez*, 779 F. Supp. 3d at 1258 (noting that if the court were to adopt a reading of Section 1225 advanced by the BIA, it would render significant portions of Section 1226(c) meaningless). To avoid rendering Section 1226(c) completely meaningless, the Court finds non-citizens arrested on a warrant in the interior of the United States are subject to discretionary release on bond under Section 1226(a), not mandatory detention under Section 1225(b)(2)(A).

In addition, "the longstanding practice of the government—like any other interpretive aid—can inform a court's determination of what the law is." *Rosado*, 2025 WL 2337099, at *10 (citation modified) (quoting *Loper Bright*, 603 U.S. at 386). "Until this year, DHS has applied section 1226(a) and its regime of discretionary release and review of detention to the vast majority of noncitizens allegedly in this country without valid documentation—a practice codified by regulation." *Valencia Zapata v. Kaiser*, 801

- 7 -

26cv0306

F. Supp. 3d 919, 929 (N.D. Cal. 2025) (citation modified); *see also* Inspection & Expedited Removal of Aliens, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

Against this backdrop, Congress adopted the Laken Riley Act, adding Section 1226(c)(1)(E), which mandates detention for additional categories of criminal aliens. "When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect." *Rodriguez*, 779 F. Supp. 3d at 1259 (quoting *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995), *abrogated on other grounds by Riley v. Bondi*, 606 U.S. 259, 261 (2025)). "When Congress adopts a new law against the backdrop of a 'longstanding administrative construction,' courts 'generally presume the new provision should be understood to work in harmony with what has come before.'" *Id.* (quoting *Monsalvo Velazquez v. Bondi*, 604 U.S. 712, 725 (2025)).

The longstanding practice of DHS applying Section 1226 to those arrested in the interior of the United States supports the finding that this practice was the best reading of the statute. This conclusion is particularly true because adopting Respondents' interpretation would result in the recently enacted Laken Riley Act being completely meaningless and unnecessary.

Statutory interpretation supports that Section 1226(a), not Section 1225(b)(2)(A), applies to Petitioner Sebastian's and Quirino's immigration detention. Because the BIA's decision binding Immigration Judges incorrectly provides that Petitioners are subject to mandatory detention with no individualized bond determination, Petitioners Sebastian and Quirino are being held in violation of federal law. Hence, their Petition is **GRANTED**.

### 2.    Petitioner Gao

Section 1226 applies "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Petitioner Gao is situated differently than the other two Petitioners because she has already been ordered removed. Hence, Section 1226 is no longer applicable to her situation.

26cv0306

Instead, Section 1231 applies to noncitizens ordered removed.  8 U.S.C. § 1231(a). Noncitizens who have been ordered removed "shall" be detained by the Attorney General. 8 U.S.C. § 1231(a)(2)(A).

Furthermore, Petitioner Gao is not a member of the certified *Maldonado Bautista* class that applies to noncitizens who are not subject to detention under 8 U.S.C. § 1231. 2025 WL 3713982, at *1.  Petitioner Gao is subject to mandatory detention under § 1231 given her order of removal.  *See Zadvydas*, 533 U.S. at 701 (holding it is presumptively reasonable to detain a noncitizen for six months to effectuate an order of removal).

**IV.  CONCLUSION**

For the reasons stated above, Petitioners Jorge Luis Manuel Sebastian's and Evaristo Jose Quirino's Petitions for Writ of Habeas Corpus are **GRANTED** (ECF No. 1).  The Court issues the following writs:

> The Court **ORDERS** a bond hearing before an Immigration Judge for Jorge Luis Manuel Sebastian (A#240-500-178) within 14 days of the date of this Order.  His bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2).

> The Court **ORDERS** a bond hearing before an Immigration Judge for Evaristo Jose Quirino (A#208-612-821) within 14 days of the date of this Order.  His bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2).

However, because Petitioner Yuxing Gao has already had her asylum petition denied and has been ordered removed, her Petition for Writ of Habeas Corpus is **DENIED**.  The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: February 10, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv0306